IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
DEC - 5 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. THOMAS EDMOND VAN HAELE, Defendant/Movant. | Cause No. CR 13-117-BLG-SPW<br>CV 16-052-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Van Haele's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Van Haele is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has refreshed its memory by consulting the rough transcript of Van Haele's change of plea hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Van Haele.

**I. Preliminary Review**

The motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255

1

Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On December 19, 2013, a grand jury indicted Van Haele on one count of conspiracy to possess at least 500 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841 (Count 1); one count of possession with intent to distribute the same, a violation of 21 U.S.C. § 841 (Count 2); and two counts of distribution of at least 5 grams of pure methamphetamine, a violation of 21 U.S.C. § 841 (Counts 3 and 4). Indictment (Doc. 1) at 2-4. If convicted on Count 1 or Count 2, Van Haele faced a mandatory minimum sentence of at least 10 years in prison. *See* 21 U.S.C. § 841(b)(1)(A) & (viii). If convicted on Count 3 or Count 4, he faced a mandatory minimum of five years in prison. *Id.* § 841(b)(1)(B) & (viii).

On March 13, 2014, the United States filed an information under 21 U.S.C. § 851, alleging that Van Haele had previously been convicted in state court of a felony drug offense. Filing of the Information increased Van Haele's potential sentence on Counts 1 or 2 to a mandatory minimum of 20 years in prison and his potential sentence on Counts 3 or 4 to a mandatory minimum of ten years in prison. Notice (Doc. 78); 21 U.S.C. §§ 841(b)(1)(A), (B), 851(a).

On June 12, 2014, pursuant to a plea agreement, Van Haele pled guilty to a superseding information alleging two counts of distributing a substance containing a detectable quantity of methamphetamine. These charges arose from two controlled buys conducted by the DEA, which netted 20.8 grams of pure methamphetamine. *See* Offer of Proof (Doc. 146) at 3.

In exchange for Van Haele's guilty plea, the United States agreed to dismiss all the charges in the original four-count Indictment as well as the Information it had filed under 21 U.S.C. § 851. *See* Notice (Doc. 78). The United States also agreed not to pursue charges that Van Haele threatened to kill or otherwise harm others in connection with the prosecution. Finally, the parties agreed that a sentence of 60 months was appropriate and that Van Haele could withdraw his guilty plea and proceed to trial if the Court rejected the parties' agreement. *See* Plea Agreement (Doc. 136) at 2 ¶ 2 para. 2, 3-4 ¶ 3 paras. 3-4.

A presentence report was prepared. Based on the quantity and purity of the

3

methamphetamine Van Haele sold, his base offense level was 28. Anticipating Guideline Amendment 782, that level was reduced by two levels to 26. *See* Sentencing Tr. at 12:23-13:18; *see also* Plea Agreement at 8 ¶ 8; First Agreement at 8 ¶ 8 (Doc. 180-1 at 9). Van Haele also received a three-level reduction for acceptance of responsibility. Presentence Report ¶¶ 115-116. His total adjusted offense level was 23. With a criminal history category of II, the advisory guideline range was 51 to 63 months. Presentence Report ¶¶118-124; Sentencing Tr. at 14:4-8. On October 9, 2014, Van Haele was sentenced, in accordance with the plea agreement, to a total of 60 months in prison, to be followed by a five-year term of supervised release. *See* Judgment (Doc. 165) at 2-3.

Van Haele did not appeal. His conviction became final on October 23, 2014. *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); Fed. R. App. P. 4(b)(1)(A)(i). More than eleven months later, on September 30, 2015, shortly after the conclusion of a trial in state court, Van Haele's counsel, Jeffrey Foster, died. Fed. R. Evid. 201(b)(2). Van Haele filed his § 2255 motion on May 5, 2016, 560 days after his conviction became final. Mot. § 2255 (Doc. 177) at 6 ¶ C; 28 U.S.C. § 2255(f)(1).

On June 14, 2016, to facilitate review of Van Haele's motion, the Court ordered the Federal Defenders of Montana to obtain Foster's case file and submit it for *in camera* inspection. A CD was filed on June 30, 2016 (Doc. 179 & 179-1).

4

Van Haele received a copy of the file and submitted his response to it on July 21, 2016. On September 22, 2016, Van Haele filed a "notice" claiming to be eligible for a "sentence reduction." He supplemented his notice on October 13, 2016.

### III. Claims and Analysis

Van Haele alleges that counsel provided ineffective assistance. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Van Haele must allege facts sufficient, if true, to support an inference both that counsel's performance fell outside the wide bounds of reasonable professional assistance, *id.* at 687-88, and that, but for counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 694. Van Haele's claims are not addressed in the order he presents them, but all are addressed.

#### A. Voluntariness of the Guilty Plea

Van Haele contends that he pled guilty based on bad advice from counsel. He claims, first, that counsel told him attorney-client privileged communications would be used in evidence against him at trial; second, he claims counsel told him he would receive a three-level reduction from the 60-month sentence and be sentenced in the range of 41 to 51 months rather than 60 months. In the response he submitted after reviewing counsel's file, Van Haele adds two more allegations: (1) that the Federal Defenders "intentionally" omitted from the file the first

5

proposed plea agreement Van Haele received, and (2) that his pretrial motions were dismissed, before being ruled on and without his knowledge, before he pled guilty. *See* Resp. to Order (Doc. 180) at 1-3.

In the specific context of a guilty plea, the prejudice prong of the *Strickland* test requires Van Haele to show a reasonable probability that he would not have pled guilty and would have proceeded to trial were it not for counsel's deficient performance. This showing depends, in large part, on whether competent counsel would have advised trial. *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

It is relevant to the Court that Van Haele did not bring his allegations against counsel until several months after the usual deadline for filing a § 2255 motion had expired, *see* 28 U.S.C. § 2255(f)(1), and several months after November 2015, when he says he learned of counsel's death, *see* Notice (Doc. 182) at 6. Apparently, Van Haele did not receive notice of Foster's death from Foster's law firm. This suggests that Van Haele did not have a matter pending with Foster as of September 30, 2015.

Van Haele cannot meet the prejudice prong of the *Strickland/Hill* test. The United States possessed evidence to prove beyond a reasonable doubt the two charges in the Superseding Indictment to which Van Haele pled guilty. It would have called an undercover DEA agent to testify about each purchase of methamphetamine from Van Haele. Offer of Proof (Doc. 146) at 3. Because these

6

two counts were essentially identical to Counts 3 and 4 of the Indictment, the offer of proof strongly suggests Van Haele would have been convicted at least on Counts 3 and 4. Relying on privileged communications between Van Haele and his counsel would have been unnecessary. If he had been convicted on those counts with the § 851 Information on file, his sentence would have been at least the mandatory minimum of ten years. There is no reasonable probability that counsel would have advised Van Haele to stand trial or that a reasonable person, who had been correctly advised that privileged attorney-client communications would be inadmissible, would have rejected the plea offer and proceeded to trial on Counts 1, 2, 3, and 4 under the § 851 Information.

Similarly, the discrepancy between a sentence of 41 and 51 months and a sentence of 60 months does not support an inference that Van Haele was prejudiced by counsel's alleged advice. The plea agreement contemplated a sentence of 60 months. Plea Agreement (Doc. 136) at 3 ¶ 3 para. 3. And again, even if counsel said what Van Haele claims he did, it is unlikely competent counsel would advise a client to risk conviction at trial on all counts of the Indictment—with Counts 1 and 2 carrying a mandatory minimum 20-year prison term and Counts 3 and 4 carrying a mandatory minimum 10-year term—when offered a 60-month term instead. This is all the more true in light of the fact that Van Haele would reduce his chances for a three-level acceptance of responsibility reduction at

7

all if convicted on the original counts at trial. In fact, even if Van Haele were convicted at trial of only the two controlled DEA buys charged in the Superseding Information, with no § 851 Information, his advisory guideline range, with the two-level reduction in anticipation of Amendment 782, would have been 70-87 months. U.S.S.G. § 3E1.1(a), (b).

For this reason, there is no need to consider Van Haele's new allegation that "his attorney (Mr. Foster), the A.U.S.A., and the Plea Agreement all assured Van Haele that he would receive a five-level downward departure of sentence off of the sixty month sentence." Notice (Doc. 182) at 2. And, because the plea agreement does not say what Van Haele says it says, there is no need to consider his claims of breach or ineffective assistance of counsel at sentencing. *Id.* at 3; Supp. (Doc. 183) at 1-6.

Nor is there any need to explore Van Haele's allegations regarding matters that occurred at the Yellowstone County Detention Center before he pled guilty. Foster knew of the matters to which Van Haele refers. *See, e.g.*, Notice (Doc. 180) at 7-10; Foster Aff. (Doc. 130-1) at 3-5 ¶¶ 9-23; Van Haele Aff. (Doc. 130-2) at 1-3 ¶¶ 3-7. Those matters were wrapped up in the parties' plea negotiations. The transcript of the change of plea hearing will speak for itself.

Likewise, Van Haele belatedly alleges that counsel performed ineffectively with respect to the five-year term of supervised release. *See, e.g.*, Notice (Doc.

8

182) at 15. As Van Haele repeatedly heard at sentencing from both counsel and the Court, *see* Sentencing Tr. (Doc. 169) at 5:10-23, 9:17-11:20, 15:24-16:15, and was no doubt told by counsel before and after sentencing as well, his objections to matters included in the presentence report had no effect on his sentence. The five-year term of supervised release was imposed "to protect the community from [Van Haele] from future crime." *Id.* at 19:3-17. If Van Haele does well under supervision, he may apply for early termination.

Finally, Van Haele's belated allegations regarding the first proposed plea agreement misrepresent the difference between the first agreement and the one Van Haele signed. The first proposed plea agreement filed by Van Haele (Doc. 180-1 at 2-12) provides that the parties mutually waive "any and all right they have to appeal the sentence imposed by the Court." First Agreement at 8 ¶ 9 paras. 1-2 (Doc. 180-1 at 9). The plea agreement filed with the Court elaborates on that point by discussing waiver of the right to appeal a within-guidelines sentence, if the defendant has no objection to the calculation of the guidelines, under 18 U.S.C. § 3742(a), the prospect (without guarantee) of a sentence reduction motion under U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35, and waiver of the right to appeal the sentence if either a § 5K1.1 motion or a Rule 35 motion is granted. *See* Plea Agreement (Doc. 136) at 8-11 ¶ 9. If, at sentencing, the Court had rejected the 60-month sentence and Van Haele did not choose to withdraw his guilty plea, the

9

additional language in the signed agreement clarified that Van Haele still could not appeal the sentence if he received a within-guidelines sentence to which he had not objected or if he received the benefit of a § 5K1.1 or Rule 35 motion at sentencing.

With respect to Van Haele's right to appeal his conviction, both the first proposed agreement and the plea agreement Van Haele signed are identical:

### 5. Waiver of Rights by Plea

. . .

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

. . .

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

Plea Agreement (Doc. 136) at 4, 6-7 ¶ 5 & (j); First Agreement at 4, 6-7 ¶ 5 & (j) (Doc. 180-1 at 5, 7-8). At the change of plea hearing, Van Haele was specifically asked, as all defendants are, whether he understood that by waiving his right to trial he was waiving his right to appeal his conviction. He said, more than once, he understood he was waiving lots of things, including that one specifically. Van Haele's current allegations that he thought he could appeal his conviction are contradicted by the record.

Because the plea agreement was very favorable to Van Haele, there is no reasonable probability that competent counsel would have recommended trial. All

10

allegations going to the voluntariness of Van Haele's guilty plea are denied for lack of merit.

## B. Counsel's Failure to File Notice of Appeal

Van Haele contends that his appointed counsel, Jeffry Foster, "committed suicide before filing an appeal as he promised Defendant that he would do." Mot. § 2255 (Doc. 174) at 4 ¶ 5A. Van Haele also states that counsel told him, "[a]pproximately a week after sentencing," that counsel was "in the process of filing" an appeal. Mem. (Doc. 175) at 6. Van Haele's wife also submitted an affidavit stating:

> I have either called or wrote Tom's attorney about the status of Tom's appeal and Mr. Foster always assured me that he was in the process of getting Tom's appeal filed and he was optimistic about prevailing.

K. Van Haele Aff. (Doc. 176) at 1 para. 2. Van Haele further states that "[s]everal times during October and November of 2014 Mr. Foster assured defendant that he was working on an appeal that included the two Motions to Dismiss." Notice (Doc. 182) at 7. This is doubtful considering Van Haele waived his right to appeal in a Plea Agreement signed by Mr. Foster.

Van Haele's and his wife's allegations are not credible in light of the record. Van Haele's pretrial motions to dismiss the Indictment were not ruled on in this Court, and in fact, were withdrawn. *See* Mot. to Withdraw (Doc. 138); Order (Doc. 142). Furthermore, they were mooted altogether by the United States' filing

11

of the Superseding Information so there would be nothing to appeal with regard to Van Haele's pretrial motions to dismiss.

Additionally, counsel's file provides no indication that counsel was "in the process of filing an appeal" at any time. Counsel did not order the sentencing transcript from the court reporter until January 29, 2015, three months after the time to appeal expired. When he ordered it, he allowed 30 days for its preparation, rather than the 7-day or 14-day period more typical for an attorney actively pursuing appeal. And counsel described the purpose of the request as both "Request of Defendant" and "Non-Appeal." *See* Transcript Request Form (Doc. 168) at 1 Boxes 12, 13, 15. The Court finds it highly unlikely that counsel told Van Haele he was working on an appeal much less that he was "optimistic about prevailing" on it.

Van Haele's allegations are contradicted by the record. Because the Court believes that Van Haele's allegations are false, there is no reason to suppose that any error or omission by counsel actually caused Van Haele to forfeit an appeal he would otherwise have pursued, especially when Van Haele had waived his right to appeal pursuant to the Plea Agreement.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Van Haele's counsel persuaded the United States to dismiss two charges as well as an Information under 21 U.S.C. § 851 that exposed Van Haele to a mandatory minimum sentence of twenty years in prison. In exchange, Van Haele pled guilty to two counts of selling pure methamphetamine to undercover DEA agents. The parties agreed that a sentence of 60 months was appropriate, and they agreed that Van Haele could withdraw his plea and proceed to trial if the Court declined to impose that sentence. Van Haele received the sentence he bargained for.

In his § 2255 motion—filed more than six months after expiration of the typical filing deadline for such a motion and more than seven months after counsel's untimely death —Van Haele alleges counsel's performance was ineffective. He claims his guilty plea was involuntary because counsel told him the United States could use privileged communications against him at trial and

13

because counsel told him he would receive a sentence between 41 and 51 months rather than 60 months.

Even assuming counsel said what Van Haele claims he said, and even leaving Counts 1 and 2 of the Indictment out of the picture (though there is no reason to do so), these claims fail. The alleged prospect of a 41- to 51-month sentence is a red herring. There is no reasonable probability that a reasonable defendant would choose to go to trial with an 851 Information pending and two undercover DEA agents ready to testify that the defendant sold them pure methamphetamine when the defendant could instead receive a 60-month sentence that was lower than even a straight guidelines sentence would have been had the defendant been convicted at trial.

Van Haele also claims that counsel falsely promised to appeal pretrial motions to dismiss the Indictment. The motions were not ruled on, were withdrawn, and were mooted by the United States' filing of a Superseding Information under the plea agreement. Counsel's file does not indicate that an appeal was even considered. Van Haele's allegations are not credible and are contradicted by the available evidence.

None of Van Haele's claims meets even the relatively low threshold required for a COA. No reasonable jurist would encourage further proceedings. A COA is denied as to all issues.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held on June 12, 2014, is required to decide the issues presented by Van Haele.

2. The United States shall immediately order the transcripts of the change of plea hearing for the Court's file and shall deliver a copy to Thomas Edward Van Haele, BOP # 13120-046, FDC SeaTac, Federal Detention Center, P.O. Box 13900, Seattle, WA 98198.

3. Van Haele's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 174, 175, 179, 180, 182, 183) is DENIED.

4. Van Haele's motion to expedite (Doc. 177) is MOOT.

5. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Van Haele files a Notice of Appeal.

6. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-52-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Van Haele.

DATED this 2nd day of ~~November~~ December, 2016.

Susan P. Watters
United States District Court

15